cm

♦AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y:
★ OCT 29 2007 ★
P.M.
TIME A.M.

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
V.
LEONARDO NALINI

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR06-00272 (CBA)

USM Number:

Mildred Whalen, Esq. (AUSA Andrea Goldbarg)
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    8-12 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and 2252A(b)(2) | Possession of child pornography, Class C felonies. | 11/18/05 | 8-12 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    1-7    is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 11, 2007
Date of Imposition of Judgment

/s/ CBA
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

October 24, 2007
Date

DEFENDANT: LEONARDO NALINI
CASE NUMBER: CR06-00272 (CDA)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 8: 36 months; Count 9: 36 months to run concurrently with the Sentence imposed in Count 8; Count 10: 36 months to run concurrently with the Sentence imposed in Counts 8 and 9; Count 11: 36 months to run concurrently to the Sentence imposed in Counts 8 through 10; Count 12: 36 months to run concurrently to the Sentence imposed in Counts 8 through 11.

X The court makes the following recommendations to the Bureau of Prisons:

That the defendant be permitted to participate in the voluntary sex offender program at the Federal Medical Center in Devens, Massachusetts.

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

    at _____ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LEONARDO NALINI
CASE NUMBER: CR06-00272 (CBA)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

6 years

See special conditions on page 3a

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

DEFENDANT: LEONARDO NALINI
CASE NUMBER: CR06-00272 (CBA)

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall:

(1) participate in an outpatient/or inpatient drug treatment or detoxification program approved by the USPD. The defendant shall pay the costs of such treatment/detoxification to the degree his is reasonably able, and shall disclose all financial information and documents to the USPD to access his or her ability to pay.

(2) not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the USPD

(3) submit to testing during and after treatment to ensure abstinence from drugs and alcohol

(4) participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the USPD. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment.

(5) disclose all financial information and documents to the USPD to assess his ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment.

(6) not use a computer, Internet capable device, or similar electronic device to access pornographic websites of any kind, including websites depicting images of nude adults or minors, or to communicate with the USPD's Computer, Internet Monitoring Program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devises the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant may be limited to possessing only one personal Internet related activities. The defendant shall also permit random examination of said computer systems, Internet capable devises, similar electronic devices, and related computer media, such as CD's under his control.

(7) submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must also be conducted in a reasonable manner and at a reasonable time, failure to submit to a search may be grounds for revocation and the defendant shall inform any other resident that the premises may be subject to search pursuant to this condition.

(8) not possess a firearm, ammunition, or destructive device

DEFENDANT: LEONARDO NALINI
CASE NUMBER: CR06-00272 (CBA)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

DEFENDANT:      LEONARDO NALINI
CASE NUMBER:    CR06-00272 (CBA)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __500.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

The defendant shall forfeit the defendant's interest in the following property to the United States:
   See Preliminary Order of Forfeiture attached.

AG
F. # 2006R01324

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

LEONARDO NALINI,

        Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

06 CR 272 (CBA)

      WHEREAS, in the above-captioned case, the United States of America seeks the forfeiture of certain properties of the Defendant LEONARDO NALINI (the "Defendant"), pursuant to 18 U.S.C. § 2253, including, but not limited to, property which is subject to forfeiture as a result of his violation of 18 U.S.C. § 2252A.

      WHEREAS, on or about February 16, 2007, the Defendant entered a plea of guilty to Counts Eight through Twelve of the above-captioned Indictment, charging a violation of 18 U.S.C. § 2252A; and

      WHEREAS, the United States and the Defendant now desire to enter into an agreement and resolve the forfeiture allegations of the Indictment as they pertain to the Defendant.

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his right, title and interest in the following:

    (a) One generic computer processing unit containing: (1) a Hitachi Deskstar hard drive, Serial Number C2CM7PEM; and (2) a Hitachi Deskstar hard drive, Serial Number C2CLRURL;

    (b) One Maxtor hard drive, Serial Number E403KY5C;

    (c) One Seagate hard drive, Serial Number 3KB16EC3;

    (d) One D-Link wireless router, Serial Number BN2Q442000346;

    (e) 3 CDs; and

    (f) One Gateway desk top, model CM5072, Serial Number CCH6251003384.

2. The Defendant agrees that the above-named property (the "Forfeited Property") constitute: (a) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252 or 2260, or other matter containing such visual depiction produced, transported, mailed, shipped or received in violation of 18 U.S.C. Ch. 110; (b) property, real and personal, constituting or traceable to gross profits and other proceeds obtained from such offenses; and (c) property, real or personal, used or intended to be used to commit or to promote the commission of said offenses, and thus are subject to forfeiture to United States.

3. The Defendant agrees to fully assist the Government in effectuating the surrender of the Forfeited Property and to take whatever steps are necessary to ensure that clear title thereto passes to the United States.

4. The Department of Homeland Security shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

5. Defendant agrees not to assert any claim or assist any other person to assert any claim to any of the properties forfeited pursuant to this Preliminary Order of Forfeiture (the "Preliminary Order") in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegations, and waives any and all defenses to the forfeiture described in this Preliminary Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

6. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the Preliminary Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The United States shall have clear title to the forfeited property identified above following the Court's entry of the judgment of conviction.

9. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Andrea

Goldbarg, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       *October. 22*, 2007

                                               /s/ Carol B. Amon
                                      HONORABLE CAROL B. AMON
                                      UNITED STATES DISTRICT JUDGE